Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>*Peticionario*<br><br>v.<br><br>AIRAM STEVIE TEXIDOR FALÚ<br><br>*Recurrido* | KLCE202400017 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Criminal Núm.:<br>K SC2023G0159<br>K SC2023G0160<br><br>Sobre:<br>Art. 401 L.S.C. (2cs) |
|---|---|---|

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece ante nos El Pueblo de Puerto Rico, representado por la Oficina del Procurador General (Procurador o peticionario), mediante *Petición de Certiorari* y nos solicita la revocación de la *Sentencia* emitida el 10 de noviembre de 2023, notificada el 14 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante el referido dictamen, el foro primario declaró Ha Lugar una moción de desestimación al amparo de la Regla 64(n)(2) de Procedimiento Criminal[1], presentada por el señor Airam Stevie Texidor Falú, (señor Texidor Falú o recurrido).

El 27 de noviembre de 2023, la parte peticionaria presentó *Urgente Moción de Reconsideración*, la cual fue denegada por el TPI mediante *Resolución* emitida el 1 de diciembre de 2023, notificada el 5 de diciembre de 2023.

[1] 34 LPRA Ap. II, R. 64(n)(2).

Número Identificador
SEN2024__________

Por los fundamentos que exponemos a continuación, **expedimos** el auto de *certiorari* solicitado y **revocamos** el dictamen recurrido.

**I.**

Por hechos ocurridos el **10 de abril de 2023**, el Ministerio Público presentó dos denuncias contra el señor Texidor Falú. Según se desprende de las denuncias, se le imputó infracción al Artículo 401(a)(1) de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como la *Ley de Sustancias Controladas de Puerto Rico*[2] (Ley Núm. 4-1971)[3]. En síntesis, al recurrido se le imputó poseer marihuana y cocaína con intención de distribuir sin autorización en ley.

En esta misma fecha, el TPI determinó causa probable para arresto contra el recurrido y fijó fianza de $10,000.00, la cual fue prestada. Asimismo, el foro primario **señaló vista preliminar para el 21 de abril de 2023**[4].

Así las cosas, el foro primario celebró la vista según pautada, a la cual comparecieron el Ministerio Público y el señor Texidor Falú, pero la representante legal del recurrido se ausentó. Por tanto, **se reseñaló la vista para el 31 de mayo de 2023**[5].

El 31 de mayo de 2023, comparecieron a la vista el Ministerio Público y la representante legal de la parte recurrida. También, estuvieron presentes los testigos del Ministerio Público. No obstante, el foro primario suspendió la vista debido a que la representante legal del recurrido tenía otro caso que atender en el Tribunal de Primera Instancia, Sala de Carolina, e hizo constar en el documento intitulado *Notas y Resolución del Juez*[6] que ese día comenzaban a

---

[2] 24 LPRA sec. 2401(a)(1).
[3] Apéndice del recurso, Anejo I, págs. 1-4.
[4] Apéndice del recurso, Anejo I, págs. 1 y 3.
[5] Apéndice del recurso, Anejo II, pág. 5.
[6] Apéndice del recurso, Anejo III, pág. 6.

transcurrir los términos. Así, el **TPI reseñaló la vista para el 6 de julio de 2023**, por razón de que la representante legal del recurrido no tenía días disponibles para el mes de junio de 2023.

A la vista del 6 de julio de 2023, compareció la representante legal del recurrido y el Ministerio Público. La juez marcó en el documento *Notas y Resolución del Juez*[7] que el Ministerio Público no estaba preparado. Además, hizo constar que uno de los testigos estuvo ausente por motivo de salud. Ante ello, **se reseñaló la vista para el 1 de agosto de 2023**.

El 1 de agosto de 2023, compareció la representante legal del recurrido y el Ministerio Público. La jueza marcó en el documento *Notas y Resolución del Juez* que el agente José J. Ayende Morales se encontraba fuera de Puerto Rico hasta el 6 de agosto de 2023 y los otros dos agentes se ausentaron. Nuevamente, **se reseñaló la vista para el 10 de agosto de 2023**[8].

A la vista del 10 de agosto de 2023, compareció el señor Texidor Falú, su representante legal y el Ministerio Público. Como testigos, comparecieron los agentes Carlos A. Pérez Rosado y Ángel M. Ocasio Jiménez, el agente José J. Ayende Morales fue excusado. Las partes, en común acuerdo, **recalendarizaron la vista para el día siguiente, es decir, el 11 de agosto de 2023**[9].

Así las cosas, el 11 de agosto de 2023, se celebró la vista preliminar, en la que el foro primario determinó causa para acusación por los delitos imputados contra el recurrido[10]. Asimismo, señaló la vista de lectura de acusación para el 17 de agosto de 2023. Ante ello, el 14 de agosto de 2023, el Ministerio Público presentó las correspondientes acusaciones[11].

---

[7] Apéndice del recurso, Anejo IV, pág. 7.
[8] Apéndice del recurso, Anejo V, pág. 8.
[9] Apéndice del recurso, Anejo VI, pág. 9; regrabación vista celebrada el 11 de agosto de 2023.
[10] Apéndice del recurso, Anejo VII y VIII, págs. 10-14.
[11] Apéndice del recurso, Anejo IX, págs. 15-18.

El 17 de agosto de 2023, se celebró vista, a la cual compareció la representante legal del recurrido y quien argumentó que los cargos debían ser desestimados al amparo de la Regla 64(n)(2) de Procedimiento Criminal, *supra*, debido a que las acusaciones contra el recurrido se presentaron transcurrido el término mandatorio por ley. El Ministerio Público sostuvo que las acusaciones se radicaron oportunamente[12]. El TPI concedió término para que la defensa presentara su planteamiento por escrito y el Ministerio Público expresara su posición. La lectura de acusación fue reseñalada para el 8 de septiembre de 2023.

El 22 de agosto de 2023, la representante legal del recurrido presentó *Moción en Solicitud de Desestimación al Amparo de la Regla 64 N (2)*[13]. En esta, alegó que desde el 1 de agosto de 2023 los términos de juicio rápido estaban vencidos. De esta manera, adujo que la defensa nunca renunció al planteamiento de términos, aun cuando el Tribunal le concedió oportunidad al Ministerio Público para reseñalar la vista preliminar.

Por su parte, el 1 de septiembre de 2023, el Ministerio Público presentó su *Oposición a Moción en Solicitud de Desestimación al Amparo de la Regla 64 (N)(2)*[14], en la que sostuvo que la Regla 64 de Procedimiento Criminal, *supra*, reconoce expresamente que los términos allí dispuestos pueden ampliarse cuando exista justa causa. Alegó, además, que la dilación en la celebración de la vista preliminar es únicamente atribuible a la defensa del recurrido.

El 8 de septiembre de 2023, el TPI celebró vista de lectura de acusación, la cual se tornó argumentativa sobre las mociones previamente presentadas y las razones de la dilación de parte del Ministerio Público para presentar las acusaciones[15].

---

[12] Apéndice del recurso, Anejo X, pág. 19.
[13] Apéndice del recurso, Anejo XI, págs. 20-23.
[14] Apéndice del recurso, Anejo XII, págs. 24-27.
[15] Apéndice del recurso, Anejo XIII, págs. 28-29.

El 18 de septiembre de 2023, notificada el 20 de septiembre del mismo año, el TPI emitió una *Resolución y Orden*[16], en la que concluyó que era necesaria la celebración de una vista evidenciaria para evaluar la solicitud de desestimación al amparo de la Regla 64(n) de Procedimiento Criminal, *supra*.

Por consiguiente, el 3 de octubre de 2023, se celebró la vista evidenciaria[17]. En síntesis, el Ministerio Público alegó que la vista preliminar y las acusaciones fueron presentadas dentro del término requerido por el ordenamiento jurídico. Además, arguyó que las suspensiones eran atribuibles a la defensa del recurrido. Por último, sostuvo que el reclamo de la defensa era inoportuno y tardío por no haber hecho argumento alguno cuando se extendieron los términos. Por su parte, la defensa reiteró que nunca renunció al planteamiento de la desestimación por violación a los términos de juicio rápido y alegó que el Ministerio Público no presentó justa causa para la dilación.

Consecuentemente, el 10 de noviembre de 2023, notificada el 14 de noviembre de 2023, el TPI emitió *Sentencia*, en la que concluyó que el Ministerio Público presentó el pliego acusatorio de forma tardía, sin presentar justa causa para las dilaciones al proceso judicial. En consecuencia, el foro primario declaró Ha Lugar la solicitud de desestimación bajo la Regla 64(n)(2) de Procedimiento Criminal, *supra*, presentada por el recurrido.

En desacuerdo con dicha determinación, el Ministerio Público presentó *Urgente Moción de Reconsideración*[18], la cual fue declarada No Ha Lugar mediante *Resolución*[19] emitida el 1 de diciembre de 2023, notificada el 5 de diciembre de 2023.

---

[16] Apéndice del recurso, Anejo XIV, págs. 30-37.
[17] Apéndice del recurso, Anejo XV, págs. 38-39.
[18] Apéndice del recurso, Anejo XIV, págs. 56-60.
[19] Apéndice del recurso, Anejo XXIII, págs. 66-68.

Inconforme, el 4 de enero de 2024, El Pueblo de Puerto Rico, representado por la Oficina del Procurador General, acude ante nos mediante *Petición de Certiorari*, en la que señala al foro primario la comisión de los siguientes errores:

> El Tribunal de Primera Instancia incidió al desestimar las acusaciones, a pesar de que el señor Texidor Falú no invocó su derecho de juicio rápido, conforme la jurisprudencia requiere.
>
> El Tribunal de Primera Instancia erró cuando no sopesó adecuadamente los factores dispuestos en la Regla 64(n)(2), particularmente, porque dejó de tomar en cuenta la parte de la dilación en la celebración de la vista preliminar –que posibilita la presentación de las acusaciones– causada porque la Defensa no estaba disponible.
>
> El Tribunal de Primera Instancia incidió al determinar que las acusaciones se presentaron fuera del término conforme la Regla 64(n)(2), a pesar de que el Ministerio Público las presentó un día laborable posterior a la determinación de causa para acusar en la vista preliminar, contraviniendo así, la norma establecida en *Pueblo v. Cartagena Fuentes,* supra.

El 12 de enero de 2024, emitimos una *Resolución* en la que concedimos al recurrido un término de diez (10) días para expresar su posición en torno al recurso de epígrafe. Luego de una solicitud de prórroga, el 5 de febrero de 2024, el recurrido compareció mediante *Escrito en Cumplimiento de Orden.*

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

**II.**

**-A-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[20]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[21]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial

---

[20] Véase *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).
[21] *Íd.*

para llegar a una conclusión justiciera"[22]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[23].

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[24], señala los criterios que para ello debemos considerar. Éstos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

La Sección 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico dispone que a todo acusado le asiste el

---

[22] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. De Justicia*, 154 DPR 79, 91 (2001).
[23] *Íd.*
[24] 4 LPRA XXII-B, R. 40.

derecho a juicio rápido[25]. Esto entra en vigor desde que el imputado de delito es detenido o está sujeto a responder, es decir, desde que se determina la existencia de causa probable para arrestar, citar o detener[26].

La Regla 64(n) de Procedimiento Criminal, *supra*, regula el derecho a juicio rápido[27]. El incumplimiento con los términos que esta regla establece conlleva que el acusado pueda solicitar la desestimación de la denuncia o acusación[28]. A esos efectos, y en lo pertinente al caso que nos ocupa, la Regla 64(n)(2) dispone lo siguiente:

> La moción para desestimar la acusación o la denuncia, o cualquier cargo de las mismas solo podrá basarse en uno o más de los siguientes fundamentos:
>
> […]
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
>
> […]
>
> (2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta (60) días de su arresto o citación si se encontraba bajo fianza o dentro de los treinta (30) días si se encontraba sumariado o si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de conformidad con lo dispuesto en la Regla 6(a).

Al interpretar la citada regla, a la luz del derecho a juicio rápido, el Tribunal Supremo de Puerto Rico concluyó que el término de sesenta (60) días para acusar o denunciar comienza a transcurrir desde que el imputado de delito está "sujeto a responder"[29]. Esto es, desde que se determina causa probable para arrestar o citar en virtud de la Regla 6 de Procedimiento Criminal[30], o desde que se arresta la persona conforme a las Reglas 11 o 12 de Procedimiento

---

[25] Art. II, Sec. 11, Const. E.L.A., LPRA, Tomo I.
[26] *Pueblo v. Rivera Santiago*, 176 DPR 559, 569-570 (2009).
[27] *Pueblo v. García Colón I*, 182 DPR 129 (2011).
[28] *Íd.*
[29] *Pueblo v. García Colón I, supra.*
[30] 34 LPRA Ap. II.

Criminal[31], o desde que se expide una citación bajo la Regla 7(a) de Procedimiento Criminal sujeta a su validación posterior por un juez[32].

No obstante, la mera inobservancia de los términos de la Regla 64(n) de Procedimiento Criminal, *supra*, no constituye, por sí sola, una violación al derecho a juicio rápido, ni conlleva la desestimación de la denuncia o la acusación[33]. Una dilación mínima es requisito de umbral para que un planteamiento de violación a juicio rápido progrese[34]. No obstante, el remedio extremo de la desestimación sólo debe concederse luego de efectuado un análisis ponderado del balance de los criterios antes esbozados[35].

Cónsono con ello, y según se desprende de la propia Regla 64(n), dichos términos pueden ser extendidos ante la existencia de justa causa o cuando la demora fuera ocasionada por el propio acusado o con su consentimiento. El peso de probar que existe alguna de las causas antes mencionadas o que el acusado renunció expresa, voluntaria y con pleno conocimiento de su derecho a juicio rápido, recae en el Ministerio Público[36].

La determinación sobre la existencia de justa causa para la extensión de los términos de juicio rápido debe realizarse caso a caso y dentro de los parámetros de razonabilidad[37]. Dicho esto, con el fin de no dejar la decisión de extender los términos de las etapas procesales al libre albedrío de cada juzgador, se establecieron criterios que el TPI tendrá que sopesar cuando surja un planteamiento de violación al derecho de rápido enjuiciamiento, a saber:

---

31 *Íd.*
32 D. Nevares-Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño,* 10ma ed., Puerto Rico, Instituto para el Desarrollo del Derecho, Inc., 2014, pág. 138.
33 *Pueblo v. Candelaria*, 148 DPR 592, 598 (1999).
34 *Pueblo v. Valdés et al.,* 155 DPR 781 (2001).
35 *Íd.*
36 *Pueblo v. Rivera Santiago, supra; Pueblo v. Rivera Colón,* 119 DPR 315 (1987), *Pueblo v García Vega,* 186 DPR, 592 (2012).
37 *Pueblo v. Valdés et al.*, *supra.*

(1) Duración de la demora;
(2) razones para la demora;
(3) si la demora fue provocada por el acusado o expresamente consentida por éste;
(4) si el Ministerio Público demostró la existencia de justa causa para la demora, y
(5) Los perjuicios que la demora haya podido causar.[38]

Ninguno de estos criterios es determinante en la adjudicación del reclamo del acusado, más bien, el valor que se le confiera a cada uno va a depender de las circunstancias relevantes que el tribunal tiene ante sí[39].

Ahora bien, no se debe perder de perspectiva que en la mayoría de las ocasiones el factor decisivo para la adjudicación del balance de los criterios recae en la razón para la inobservancia de los términos de juicio rápido[40].

En cuanto a este criterio, procede distinguir entre la dilación imputable al acusado, aquella provocada por una actuación intencional del Estado y la tardanza ocasionada por una conducta no intencional del Estado[41]. La rigurosidad con la que el tribunal evalúa cada uno de los motivos bajo los cuales se alega justa causa, para la tardanza, dependerá de su naturaleza[42]. Las demoras institucionales que no tienen el propósito de perjudicar a la persona imputada o acusada serán evaluadas con menos rigurosidad que las intencionales[43]. Si la demora fue intencional y opresiva está excluida del concepto de justa causa[44]. Para que constituya justa causa, el motivo de una demora debe estar enmarcado dentro de parámetros de razonabilidad[45].

Con respecto al criterio de perjuicio el imputado no tiene que demostrar estado de indefensión, sólo tiene que demostrar que ha

[38] 34 LPRA A. II, R. 64 (n)(8); *Pueblo v. Valdés et al.*, *supra*, pág. 792; *Pueblo v. Rivera Tirado*, 117 DPR 419 (1986).
[39] *Pueblo v. Valdés et al., supra; Pueblo v. Rivera Tirado, supra*, pág. 432.
[40] *Pueblo v. García Colón I, supra.*
[41] *Pueblo v. Valdés et al., supra; Pueblo v. Rivera Tirado, supra.*
[42] *Pueblo v. García Colón I, supra*
[43] *Pueblo v. Candelaria, supra; Pueblo v. Rivera Tirado, supra.*
[44] *Pueblo v. Rivera Santiago, supra.*
[45] *Pueblo v. Valdés et al., supra; Pueblo v. Rivera Colón, supra.*

sufrido perjuicio[46]. Sobre el descargo de este deber del imputado, nos informa el Profesor Ernesto L. Chiesa Aponte que:

> ...corresponde al acusado establecer el perjuicio sufrido con la dilación, obligación que no se descarga con generalidades. Esto es distinto a las razones o justa causa para la dilación, donde es el ministerio fiscal o el gobierno quien tiene que persuadir al Tribunal, al menos cuando la dilación o suspensión es atribuible a conducta del gobierno.
>
> El Tribunal Supremo de Puerto Rico ha expresado que el perjuicio sufrido por el acusado con la dilación tiene que ser específico: "No puede ser abstracto ni apelar a un simple cómputo de rigor matemático. Tiene que ser real y sustancial".[47]

**III.**

En el presente caso, el peticionario alega que incidió el TPI al desestimar las acusaciones presentadas contra el señor Texidor Falú al amparo de la Regla 64(n)(2) de Procedimiento Criminal, *supra*. Particularmente, señala que el recurrido no invocó su derecho a juicio rápido conforme establece la jurisprudencia. Además, aduce que erró el TPI al no considerar que la dilación en la celebración de la vista preliminar se debió en parte a la falta de disponibilidad de la defensa. Por último, sostiene que las acusaciones no se presentaron fuera del término de juicio rápido, dado que el Ministerio Público las presentó en el próximo día laborable después de la determinación de causa en el último día de términos extendidos. En síntesis, lo pertinente a determinar es, cuándo comienzan a decursar los términos de juicio rápido. Veamos.

Nuestro Tribunal Supremo ha establecido que el término de sesenta (60) días para acusar o denunciar comienza a transcurrir desde que el imputado de delito **está "sujeto a responder"**. Esto ocurre cuando: 1) se determina causa probable para arrestar o citar en virtud de la Regla 6 de las de Procedimiento Criminal; 2) se arresta a la persona conforme a las Reglas 11 o 12 de las de Procedimiento Criminal; o 3) se expide una citación bajo la Regla 7

---

[46] *Pueblo v. Esquilín Maldonado*, 152 DPR 257 (2000).
[47] E. L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1992, Vol. II, Sec. 12.1, pág. 153.

(a) de las de Procedimiento Criminal, sujeta a su validación posterior por un juez[48].

Surge del tracto procesal previamente reseñado, que el 10 de abril de 2023, al recurrido se le encontró causa para arresto, se le fijó fianza y se le citó a vista preliminar para el 21 de abril de 2023[49]. Desde el 10 de abril de 2023 el imputado de delito **está "sujeto a responder"**, por lo cual desde ahí comienza a discurrir el término de los sesenta (60) días dispuesto en la Regla 64(n)(2) de Procedimiento Criminal, *supra*.

Así pues, el foro primario comenzó el trámite procesal y señaló la vista preliminar para el 21 de abril de 2023[50]. Arribada la referida fecha, la representación legal del recurrido no compareció, por lo que el TPI reseñaló la vista preliminar para el 31 de mayo de 2023[51]. En esta fecha, el Ministerio Público estaba preparado con su prueba, no obstante, la representación legal del recurrido no estaba disponible por tener compromisos con otro caso[52]. Nuevamente, el TPI reseñala la vista para el 6 de julio de 2023, debido a que la defensa no tenía fechas disponibles durante el mes de junio de 2023[53]. Además, surge del expediente que el foro primario indica en el documento *Notas y Resolución del Juez* que el 31 de mayo de 2023 "comienzan los términos"[54].

Apuntalamos que si consideramos el 10 de abril de 2023 como la fecha de inicio para decursar el término de sesenta (60) días dispuesto en la Regla 64(n)(2) de Procedimiento Criminal, *supra*, al 6 de julio de 2023, habían transcurrido ochenta y siete (87) días. Por otro lado, si aceptamos la fecha del 31 de mayo de 2023, como la

---

[48] *Pueblo v. García Colon I, supra*, pág. 142.
[49] Apéndice del recurso, Anejo I, págs. 1-4.
[50] Apéndice del recurso, Anejo II, pág. 5.
[51] *Íd.;* Regrabación de la vista celebrada el 21 de abril de 2023, disponible en la regrabación de la vista de 3 de octubre de 2023, mins. 10:30-10:39.
[52] Apéndice del recurso, Anejo III, pág. 6.
[53] *Íd.*
[54] *Íd.*

fecha en que inician los términos bajo la Regla 64(n)(2), *supra,* según lo estableció el TPI, el último día del término para celebrar la vista era el 30 de julio de 2023, sin embargo, por ser domingo, se extiende hasta el lunes, 31 de julio de 2023 como último día para cumplir con los términos establecidos por la normativa procesal.

No obstante, el 6 de julio de 2023, el TPI fijó el nuevo señalamiento de vista preliminar para el 1 de agosto de 2023. Es necesario mencionar que, según surge del legajo apelativo, durante todo ese periodo la defensa no objetó la discreción de la jueza al extender los términos, ni tampoco invocó el derecho a juicio rápido que le asiste al recurrido[55].

Así pues, el 1 de agosto de 2023 y el 10 de agosto de 2023, las vistas preliminares señaladas no se celebraron; esto, debido a que el Ministerio Público informó que no estaba preparado. Nuevamente, se recalendarizó la vista preliminar para el viernes, 11 de agosto de 2023[56], la cual fue celebrada y en la que el TPI determinó causa para acusar por los delitos imputados contra el recurrido. Consecuentemente, se fijó para el 17 de agosto de 2023 la vista de lectura de acusación y para el 11 de septiembre de 2023 el juicio.

Es norma reiterada que la mera inobservancia de los términos de la Regla 64(n) de Procedimiento Criminal, *supra*, no constituye, por sí sola, una violación al derecho a juicio rápido, ni conlleva la desestimación de la denuncia o la acusación[57]. **Dichos términos no son fatales y pueden extenderse, bien sea por justa causa, por demora atribuible al acusado o si éste consiente a ella**[58]. Fíjese que son tres razones por las cuales los términos a juicio rápido se extienden.

---

[55] Regrabación de la vista celebrada el 8 de septiembre de 2023, mins. 6:20-6:26.
[56] Apéndice del recurso, Anejos IV-VIII, págs. 7-14. En el documento *Notas y Resolución del Juez* se establece que los reseñalamientos están dentro del término y son extendidos.
[57] *Pueblo v, Valdés Medina*, 155 PR 781 (2001).
[58] *Pueblo v Carrión Rivera*, 159 DPR 633, 641 (2003).

Le corresponde al TPI evaluar la razonabilidad de la dilación a base de cuatro criterios, a saber: (1) duración de la tardanza; (2) razones para la dilación; (3) invocación oportuna del derecho; y (4) el perjuicio resultante de la tardanza[59].

En el caso que nos ocupa, hubo una dilación a los términos de juicio rápido consentida por las partes y el TPI. Las razones para la dilación giraron en torno a ausencia de la representación legal del recurrido a los procedimientos, falta de disponibilidad de fechas en su calendario y ausencia de testigos en los días señalados para la celebración de la vista preliminar. Asimismo, surge del documento *Notas y Resolución del Juez* que el recurrido no invocó oportunamente el derecho a juicio rápido, todo lo contrario, en las regrabaciones de las vistas encontramos que se allanó a todas las extensiones de término concedidas por el foro primario.

Al realizar el análisis jurídico pertinente, concluimos que el recurrido consintió a la demora de los términos. Fíjese que el 17 de agosto de 2023, por primera vez, la defensa del recurrido esboza dos argumentos legales. Primero, aduce que el último día de términos bajo la Regla 64(n)(2) de Procedimiento Criminal, *supra*, era el jueves, 10 de agosto de 2023, el cual se extendió al 11 de agosto de 2023 a solicitud del agente. Segundo, alega que las acusaciones se presentaron fuera de término, por entender que se debían haber presentado el mismo 11 de agosto de 2023 por ser el último día de términos extendidos. En virtud de lo anterior, colegimos que el recurrido consintió a la demora.

Es norma reiterada por nuestra Alta Curia que la renuncia al derecho a juicio rápido debe ser expresa y no presunta, voluntaria y efectuada con pleno conocimiento de causa[60]. **De igual forma, el**

---

[59] *Pueblo v Carrión Rivera*, 159 DPR 633, 641 (2003), citando a *Pueblo v. Candelaria Vargas*, 148 DPR 591 (1999); *Pueblo v. Rivera Tirado*, 117 DPR 419 (1986).

[60] *Pueblo v. Cartagena Fuentes*, 152 DPR 243, 253 (2000); *Pueblo v. Rivera Arroyo*, 120 DPR 114, 120 (1987).

**acusado renuncia a su derecho a juicio rápido si no presenta una moción de desestimación al efecto correspondiente el día de la vista en que debe hacer valer su derecho**[61]. Tras un examen minucioso del legajo apelativo, no surge que el 31 de julio de 2023 el recurrido hubiese presentado objeción a las extensiones del término. Por tanto, no cabe duda de que falló en invocar su derecho oportunamente.

Reiteramos que, los términos establecidos en la citada Regla 64 de Procedimiento Criminal, *supra*, no constituyen términos jurisdiccionales, sino una garantía del derecho a juicio rápido a los que el acusado puede renunciar expresa o implícitamente[62]. De la evaluación de la situación expuesta, surge que fue el recurrido, en gran medida, quien contribuyó a la dilación de los procedimientos e invocó tardíamente el término de sesenta (60) días para la celebración de la vista preliminar. Ante esta situación, erró el TPI al declarar ha lugar la *Moción en Solicitud de Desestimación al Amparo de la Regla 64 N (2)* presentada por el recurrido.

## IV.

Por los fundamentos antes expuestos, **expedimos** el auto de *certiorari* solicitado y **revocamos** la *Resolución* recurrida. Consecuentemente, devolvemos el caso al TPI para la continuación de los procedimientos.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[61] *Pueblo v. Rivera Santiago, supra,* pág. 573.
[62] *Rabell Martínez v. Tribunal Superior*, 101 DPR 796 (1973).