EL PUEBLO DE PUERTO RICO, recurrido, *v.* EDUARDO CARRIÓN RIVERA, peticionario.

*Número:* CC-2002-588 *Resuelto:* 4 de junio de 2003

*Rafael Rivera Rivera*, abogado de la parte peticionaria; *Roberto J. Sánchez Ramos*, procurador general, y *Jaime Mercado Almodóvar*, procurador general auxiliar, representantes de El Pueblo.

EL JUEZ ASOCIADO SEÑOR CORRADA DEL RÍO emitió la opinión del Tribunal.

Nos corresponde resolver si el derecho constitucional a juicio rápido se extiende al período que transcurre entre la primera desestimación de una denuncia y la nueva presentación de cargos por los mismos hechos al amparo de la Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Por entender que durante la referida etapa el acusado no se encuentra sujeto a responder (*held to answer*), resolvemos en la negativa.

I

El 8 de agosto de 2000 se presentó una denuncia contra el Sr. Eduardo Carrión Rivera (en adelante el peticionario o señor Carrión Rivera) por infracción al Art. 99(a) del Código Penal del Estado Libre Asociado de Puerto Rico, 33 L.P.R.A. sec. 4061(a), al imputársele haber tenido relaciones sexuales con una niña de doce años. Ese mismo día se encontró causa probable para su arresto y se le impuso una fianza de cinco mil dólares, la cual prestó en el acto.

La vista preliminar se señaló para el 14 de septiembre de 2000, fecha en la que el Ministerio Público compareció con la prueba de cargo. No obstante, a solicitud de la defensa, la vista fue pospuesta para el 25 de octubre de 2000. Llegado ese día, el Ministerio Público solicitó al Tribunal de Primera Instancia (en adelante TPI) que la transfiriera para otra fecha, ya que necesitaba corroborar cierta evi-

dencia médica.(¹) El TPI concedió dicho pedido y señaló la vista para el 14 de diciembre de 2000.

Sin embargo, la vista tampoco pudo celebrarse en dicha ocasión, ya que el representante del Ministerio Público alegó encontrarse enfermo. El TPI procedió a pautar nuevamente la vista para el 26 de diciembre de 2000, pero ésta fue cancelada otra vez. A consecuencia de ello, el mismo Ministerio Público solicitó la desestimación de la denuncia al amparo de la Regla 64(n)(5) de Procedimiento Criminal, 34 L.P.R.A. Ap. II,(²) por lo cual el TPI emitió una Resolución a esos efectos. No se dispuso nada más en dicha ocasión.(³)

En atención a esta disposición, el 3 de abril de 2001 el TPI declaró con lugar una solicitud del peticionario para que se ordenase a la Policía de Puerto Rico a devolverle todo documento, foto y récord de huellas digitales tomadas en conexión con el caso desestimado.(⁴) El 10 de agosto de 2001 se le devolvió la fianza, según solicitado.(⁵)

Luego de varios meses, el 18 de diciembre de 2001 el Ministerio Público sometió por segunda vez el caso, presentando denuncia contra el peticionario por los mismos hechos que se le habían imputado el 8 de septiembre de 2000. Se determinó nuevamente causa probable para el arresto y se fijó una fianza de mil dólares, la cual prestó en el acto. La vista preliminar se pautó originalmente para el 2 de enero de 2002, pero luego fue reseñalada para el 24 de enero de ese año.

Así las cosas, el 28 de diciembre de 2001 el peticionario presentó una Moción en Solicitud de Sobreseimiento de la

---

(¹) Se trataba de un informe sobre el examen médico que se le realizó a la niña que alegadamente fue violada, copia del cual fue entregado al peticionario en la Unidad Especializada de Delitos Sexuales de Bayamón. Véase Apéndice, pág. 32.

(²) El TPI desestimó al amparo de dicha regla. Sin embargo, lo procedente era aplicar la Regla 64(n)(6) de Procedimiento Civil, 34 L.P.R.A. Ap. II, ya que el imputado se encontraba bajo fianza.

(³) Véase Apéndice, pág. 54.

(⁴) Véase Apéndice, pág. 35.

(⁵) Véase Apéndice, pág. 37.

Denuncia al Amparo de la Regla 247(b) de las de Procedimiento Criminal, en la cual alegó que la demora del Ministerio Público en presentar nuevamente la denuncia violó su derecho al debido proceso de ley y su derecho a juicio rápido. El TPI requirió al Ministerio Público que replicase a tales alegaciones.

Dicha parte compareció mediante una moción de 13 de febrero de 2002, en la cual alegaba que una vez desestimado un caso por delito grave bajo el palio de la Regla 64(n) y la Regla 67 de Procedimiento Criminal, *supra*, se permite la presentación de la denuncia nuevamente. De igual forma, expresó que no pudo presentar la nueva denuncia en una fecha anterior debido a que la testigo principal del caso, la víctima, no estuvo disponible por razones médicas.

Luego de atender los argumentos de las partes, el TPI declaró no ha lugar la solicitud de sobreseimiento, amparándose en lo dispuesto por la Regla 67 de Procedimiento Criminal, *supra*.[6] Ante tal decisión, el peticionario recurrió mediante un recurso de *certiorari* al Tribunal de Circuito de Apelaciones (en adelante TCA), foro que denegó el recurso.[7] Dicho tribunal concluyó que el derecho a juicio rápido no le asistía al peticionario durante el período de tiempo transcurrido entre la primera desestimación de la denuncia y la nueva presentación de ésta, toda vez que durante esa etapa el peticionario no estuvo sujeto a responder por cargo alguno.

Inconforme, el 31 de julio de 2002 el peticionario acudió ante este Tribunal y nos señaló dos errores, a saber:

PRIMER ERROR: Erró el Honorable Tribunal de Circuito de Apelaciones al resolver que el peticionario de epígrafe no estaba sujeto a responder ("held to answer") y que por tanto, no

---

[6] Resolución del TPI, Sala Superior de Bayamón, de 26 de febrero de 2002. Esta decisión nada dispuso sobre la alegación de violación al derecho a juicio rápido. Véase Apéndice, pág. 26.

[7] Resolución de 31 de mayo de 2002, notificada el 11 de junio de ese año. Véase Apéndice, págs. 97–98.

le asistió el derecho constitucional a juicio rápido durante los trescientos cincuenta y siete (357) días que transcurrieron desde la desestimación de la denuncia en vista preliminar en virtud de la Regla 64(n) de Procedimiento Criminal y la presentación de una segunda denuncia por los mismos hechos al amparo de la Regla 67 del mismo cuerpo legal.
SEGUNDO ERROR: Erró el Honorable Tribunal de Circuito de Apelaciones al resolver que existió justa causa para la dilación de trescientos cincuenta y siete (357) días en que incurrió el Ministerio Público para resometer el caso en virtud de la Regla 67 de Procedimiento Criminal, al tomar en consideración nueva "evidencia" que aportó el Procurador General en el trámite apelativo la cual no obra en autos y que tampoco formó parte de las determinaciones de hechos y conclusiones de derecho del juez de instancia. Petición de *certiorari*, pág. 8.

Tras atender el recurso, mediante Resolución de 1 de agosto de 2002, concedimos al Procurador General un término de veinte días para que mostrara causa por la cual no debiéramos revisar la Resolución dictada por el TCA en el caso de marras. El Procurador compareció el 21 de agosto de 2002.

Contando con la comparecencia de las partes, resolvemos.

## II

■ El derecho a juicio rápido emana del Art. II, Sec. 11 de nuestra Constitución, L.P.R.A., Tomo 1, ed. 1999, pág. 327, el cual dispone que "[e]n todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público ...".[8] Conforme con dicho mandato, la Regla 64(n) de Procedimiento Criminal, *supra*, establece unos términos razonables que rigen el alcance del referido precepto constitucional a lo largo de las distintas fases del procedimiento penal.

---

[8] Esta disposición es similar a la de la Sexta Enmienda de la Constitución de Estados Unidos de América, Emda. VI, Const. EE.UU., L.P.R.A., Tomo 1, ed. 1999, pág. 188, que expresa: "En todas las causas criminales, el acusado gozará del derecho a un juicio rápido y público ...." De hecho, hemos seguido la jurisprudencia del Tribunal Supremo federal en cuanto a los propósitos e intereses protegidos por ella. Véase, *e.g., Pueblo v. Miró González*, 133 D.P.R. 813 (1993).

 A pesar de tales términos, hemos interpretado que el contenido del derecho a juicio rápido no está del todo determinado, y que es, en parte, variable y flexible. *Pueblo v. Valdés et al.*, 155 D.P.R. 781 (2001); *Pueblo v. Arcelay Galán*, 102 D.P.R. 409 (1974). Ello es así ya que el concepto es relativo y pretende salvaguardar tanto el orden público como la libertad individual. Como expresáramos en una ocasión anterior, "[*el derecho a juicio rápido*] *garantiza los derechos del acusado, pero no excluye los derechos de la justicia pública*". (Énfasis suplido.) *Pueblo v. González Rivera*, 132 D.P.R. 517 (1993).(⁹) En cuanto al interés público, se trata de evitar que una demora indebida haga más difícil para el Estado el procesamiento efectivo de los criminales, al dificultarse la prueba de los cargos más allá de duda razonable.(¹⁰) Mientras que, por otra parte, se procura: (1) proteger al acusado contra una detención opresiva; (2) minimizar sus ansiedades y preocupaciones, y (3) reducir las posibilidades de que su defensa se afecte. *Pueblo v. Valdés et al.*, supra, pág. 789.

 De igual forma, reiteradamente hemos establecido que el derecho en cuestión se activa desde el momento en que el imputado está sujeto a responder (*held to answer*), ya sea porque fue arrestado o porque de alguna forma *se pone en movimiento el mecanismo procesal que lo expone a una convicción*.(¹¹) *Pueblo v. Valdés et al.*, supra,

---

(⁹) El Tribunal Supremo de Estados Unidos lo expresó de la manera siguiente:

"In large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that 'the right of a speedy trial is necessarily relative .... It secures the rights to a defendant. It does not preclude the rights of public justice.' " *U.S. v. Ewell*, 383 U.S. 116, 120 (1966).

(¹⁰) Véase G. González Colón, *El derecho a juicio rápido en el procedimiento criminal*, 48 (Núm. 4) Rev. Jur. U.P.R. 645 (1979).

(¹¹) Esto puede ser desde el momento mismo en que un juez determina causa probable para arrestar, citar o detener a un ciudadano por la comisión de un delito imputado.

pág. 788; *Pueblo v. Miró González*, 133 D.P.R. 813, 818 (1993). Una vez el derecho cobra vigencia, la Regla 64(n) de Procedimiento Criminal, *supra*, provee para la desestimación de los cargos si el Ministerio Público no cumple con los distintos términos de rápido enjuiciamiento.

■ No obstante, dichos términos no son fatales y pueden extenderse, bien sea por justa causa, por demora atribuible al acusado o si éste consiente a ella. Así pues, los tribunales evaluarán la razonabilidad de la dilación a base de cuatro criterios, a saber: (1) duración de la tardanza; (2) razones para la dilación; (3) invocación oportuna del derecho, y (4) el perjuicio resultante de la tardanza. *Pueblo v. Candelaria*, 148 D.P.R. 591 (1999); *Pueblo v. Rivera Tirado*, 117 D.P.R. 419 (1986). Si a base de ese análisis el tribunal entiende que la tardanza no es justificada, procede la desestimación de los cargos al amparo de la referida Regla 64(n) de Procedimiento Criminal.[12]

Ahora bien, si los cargos que se desestiman son por delito grave, la Regla 67 de Procedimiento Criminal, *supra*, permite la iniciación de un nuevo proceso por los mismos hechos. Sin embargo, ni la Regla 64(n) ni la Regla 67, *supra*, proveen un término preciso para que el Ministerio Público presente nuevamente los cargos desestimados.

Ante el silencio de las reglas, procedemos a analizar el derecho vigente sobre juicio rápido para resolver si, aunque la normativa estatutaria no lo vislumbra, cabe aplicar tal derecho al peticionario en esa etapa de los procedimientos.

---

[12] En *Pueblo v. Montezuma Martínez*, 105 D.P.R. 710, 712 (1977), resolvimos que la desestimación por violación a los términos de rápido enjuiciamiento procede al amparo de la Regla 64(n) de Procedimiento Criminal y no por la Regla 247 (34 L.P.R.A. Ap. II). La diferencia estriba en que bajo la primera, se permite la nueva presentación de cargos, mientras que bajo la segunda, la desestimación es con perjuicio a un nuevo proceso. Además, expresamos en dicha opinión que "[*presentados nuevamente los cargos*,] otra dilación excesiva e injustificada podría vulnerar [el derecho a juicio rápido], procediendo entonces el archivo definitivo de la causa". (Énfasis suplido.) *Pueblo v. Montezuma Martínez*, supra, pág. 713.

## III

En el caso de autos, el peticionario alega que le asistía el derecho a juicio rápido durante el período entre la primera desestimación de los cargos por violación a los términos de la Regla 64(n) de Procedimiento Criminal, *supra*, y la nueva presentación de éstos al amparo de la Regla 67 del referido cuerpo legal. Es decir, el señor Carrión Rivera entiende que durante dicho lapso de tiempo se encontraba "sujeto a responder" criminalmente, por lo que la presentación de los mismos cargos un año después de la referida desestimación constituyó una dilación irrazonable que amerita que desestimemos con perjuicio al amparo de la Regla 247(b) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. No le asiste la razón.

Como expresáramos en la sección anterior, la protección constitucional a juicio rápido sólo se activa cuando se pone en movimiento el mecanismo procesal que *puede culminar en una convicción*, cuyo efecto legal es obligar a la persona imputada a responder por la comisión del delito que se le atribuye. *Pueblo v. Miró González*, supra, pág. 818. De ello podemos colegir que estar *"sujeto a responder" supone la presentación de cargos por parte del Ministerio Público*; en otras palabras, que ya pueda hablarse de un proceso judicial que requiera la comparecencia del imputado. A esos efectos, este Tribunal puntualizó hace aproximadamente cuatro décadas, mediante opinión emitida por el Juez Asociado Señor Serrano Geyls, que

... se requiere terminantemente que la persona esté detenida para responder ("held to answer") o encarcelada ("committed") por orden de un magistrado para que comiencen a contar los términos que las leyes fijan para presentar la acusación .... Luego de un examen exhaustivo no hemos podido hallar una sola disposición constitucional o de ley ni una sola interpretación judicial que exijan comiencen a contarse los términos antes de tener lugar una de esas actuaciones oficiales. Por el contrario, *la regla aceptada es que "bajo ninguna circunstancia surge el derecho a juicio rápido antes de que exista un*

*cargo o un arresto*, aun cuando las autoridades responsables del procesamiento ("prosecuting authorities") hubiesen tenido conocimiento del delito mucho antes de esos actos". (Énfasis suplido.) *Pueblo v. Tribunal Superior*, 81 D.P.R. 455, 468–469 (1959).

En el presente caso se determinó causa probable para arresto conforme a derecho. Igualmente, se programó celebrar la vista preliminar en varias ocasiones, pero ésta no pudo celebrarse dentro del término estatuido por la Regla 64(n)(6), 34 L.P.R.A. Ap. II. A consecuencia de esto, el Ministerio Público solicitó la desestimación de la denuncia, ésta advino final y firme, y se le devolvió al peticionario la fianza y los documentos personales que obraban en poder del Estado.

Ante estos hechos, debemos concluir que durante todo el primer proceso, desde el arresto hasta la solicitud de desestimación, el peticionario estuvo "sujeto a responder", toda vez que pesaba en su contra una denuncia por el delito de violación técnica. Dicha condición, sin embargo, cambió con la desestimación de la denuncia. Esto es así debido a que la desestimación, aunque sin perjuicio, significó la caída de los cargos que pendían en su contra. Tan es así que el Ministerio Público tuvo que presentar cargos nuevamente por los mismos hechos. A esa nueva denuncia se le asignó un nuevo número de caso y, por haber solicitado el peticionario que se le cancelara la fianza anterior, se le fijó una nueva. Es con esa nueva presentación de cargos que el peticionario advino nuevamente a estar *expuesto a convicción* y, por ende, "sujeto a responder".

◼ Por lo tanto, no nos persuade el argumento del peticionario, en el sentido de que una primera desestimación sería sólo una incidencia procesal que no interrumpe el carácter continuo del procedimiento. La desestimación de una causa tiene que entenderse como un evento que da por terminada la acción presentada ante los tribunales por el Ministerio Público. El hecho de que sea "sin perjuicio" no

opera en contra de esta conclusión, ya que esto lo que significa es que el imputado no está "absuelto" para propósitos de la protección constitucional contra la doble exposición. Así pues, la desestimación "sin perjuicio" apunta a que el imputado no queda liberado de su responsabilidad penal, no a que éste se mantenga "sujeto a responder".

De este modo, ante la ausencia de cargos formales en contra del peticionario, éste no tenía que responder a nada. A lo único que estuvo sujeto el peticionario durante ese período fue a que, como en efecto ocurrió, el Ministerio Público decidiera reprocesarlo. Por lo que, para efectos prácticos, el peticionario se encontraba en la misma situación procesal que un individuo que sabe que lo están investigando, pero que aún no se le han sometido cargos formalmente.

■　Sobre ese particular, hemos establecido consecuente y claramente que, para fines del derecho a juicio rápido, una persona expuesta a ser arrestada o denunciada no está "sujeta a responder". En esa etapa procesal, al ciudadano lo ampara tanto el derecho al debido proceso de ley como los límites que fije el término prescriptivo del delito por el cual se le pretenda acusar, pero no el derecho a rápido enjuiciamiento. Véase *Pueblo v. Esquilín Maldonado*, 152 D.P.R. 257 (2000). En consecuencia, estar "sujeto a responder" significa encontrarse expuesto a ser convicto por unos cargos formalmente imputados, no meramente estar expuesto a ser arrestado, denunciado o citado.

Resolver de esta forma es compatible tanto con la jurisprudencia del Tribunal Supremo de Estados Unidos como con nuestros precedentes. Por ejemplo, en *United States v. MacDonald*, 456 U.S. 1 (1982), el más alto foro federal concluyó que la garantía de juicio rápido no cubría el período transcurrido desde la desestimación de la primera acusación hasta la nueva presentación de cargos. Así pues, resol-

vió que MacDonald no estaba "sujeto a responder" a base del siguiente razonamiento:

> The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." A literal reading of the Amendment suggests that this right attaches only when a formal criminal charge is instituted and a criminal prosecution begins.
>
> In *United States v. Marion*, 404 U.S. 307, 313 (1971), we held that the Speedy Trial Clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested, or otherwise *officially accused.*
>
> . . . . . . . . . .
>
> Although delay prior to arrest or indictment may give rise to a due process claim under the Fifth Amendment ... or to a claim under any applicable statutes of limitations, no Sixth Amendment right to a speedy trial arises until charges are pending.
>
> Similarly, *the Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges. Any undue delay after charges are dismissed, like any delay before are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause.* (Énfasis suplido.) *United States v. MacDonald*, supra, págs. 6–8.[13]

En cuanto a los precedentes de este Tribunal, en *Pueblo v. Reyes Herrans*, 105 D.P.R. 658 (1977), se nos planteó la controversia de si procedía aplicar el derecho a juicio rápido al período que transcurre entre la disolución de un Jurado y la celebración de un nuevo juicio. En esa ocasión, luego de atender las disposiciones de la Regla 64(n), *supra*, resolvimos que dado que no existe un término en ley para la celebración de un nuevo juicio, no procedía aplicar las disposiciones de juicio rápido. Sin embargo, expresamos que el nuevo juicio debía celebrarse dentro de un término razonable. *Pueblo v. Reyes Herrans*, supra, pág. 661.

Igualmente, en *Pueblo v. Miró González*, supra, tuvimos la oportunidad de determinar si el derecho a juicio rápido se extendía al período entre la determinación de "no causa

---

[13] A igual resultado, utilizando idéntico razonamiento, se llegó en *United States v. Loud Hawk*, 474 U.S. 302 (1986).

probable" para arrestar y la celebración de vista en alzada al amparo de la Regla 6(c) de Procedimiento Criminal, 34 L.P.R.A., Ap. II. Resolvimos en esa oportunidad que no aplicaba el referido derecho constitucional a esa situación, toda vez que durante ese lapso el imputado no estaba "sujeto a responder", por no pesar formalmente algún cargo criminal en su contra. Nótese que tanto en *Pueblo v. Reyes Herráns*, supra, como en *Pueblo v. Miró González*, supra, aunque el imputado aún no se había liberado de responsabilidad penal, ello no incidió en nuestra determinación de no extender el derecho a juicio rápido a las situaciones planteadas.

■ Finalmente, distinto a lo que sugiere el peticionario, a la controversia de autos no le aplica lo resuelto en *Pueblo v. Soto Ortiz*, 151 D.P.R. 619 (2000). En esa ocasión, la controversia medular ante nuestra consideración era si ante la desestimación de los cargos (delito grave) por violación a los términos de juicio rápido, la fianza previamente prestada subsistía en la eventualidad de que se presentaran cargos nuevamente por los mismos hechos, aunque el magistrado no hubiera hecho determinación alguna al respecto. Resolvimos dicha controversia en la afirmativa, fundamentando nuestra decisión en que, a pesar de que la desestimación en esa etapa conlleva la excarcelación del imputado, no tiene el efecto de liberar de responsabilidad criminal instantáneamente,[14] por lo que se mantiene vigente la responsabilidad del fiador, sujeta al cumplimiento por el Ministerio Público con la normativa de las Reglas de Procedimiento Criminal.[15] *Pueblo v. Soto Ortiz*, supra, págs. 628–629. Sin embargo, condicionamos la subsistencia de la primera fianza a que el imputado no

---

[14] Como explicáramos anteriormente, "responsabilidad criminal" no es lo mismo que estar "sujeto a responder".

[15] Véanse, además: *Pueblo v. Félix Avilés*, 128 D.P.R. 468 (1991); O.E. Resumil de Sanfilippo, *Derecho Procesal Penal*, 61 (Núm. 4) Rev. Jur. U.P.R. 835, 852–855 (1992).

solicitase su cancelación antes de la presentación de la nueva acusación o denuncia. *Pueblo v. Soto Ortiz*, supra, págs. 632–633.

■ Asimismo, apuntamos a la deseabilidad de que, ante situaciones como ésa, los tribunales procedieran de acuerdo con la Regla 66 de Procedimiento Criminal, 34 L.P.R.A. Ap. II,[16] que le concede autoridad al juez sentenciador para delimitar el término específico en que el imputado permanecerá bajo custodia o que subsistirá la fianza prestada para dar lugar a que se presenten los cargos nuevamente. *Pueblo v. Soto Ortiz*, supra, pág. 633. Expresamos, además, que transcurrido dicho término, el imputado puede solicitar la cancelación de la fianza, y el Tribunal podrá sobreseer la causa según lo dispuesto por la Regla 247(b) de Procedimiento Criminal, *supra. Pueblo v. Soto Ortiz*, supra, pág. 633.

No obstante, la presente controversia no sólo presenta circunstancias diferentes[17] a las de *Pueblo v. Soto Ortiz*, supra, sino que aun si interpretáramos como mandatario lo que en aquella ocasión calificamos como "deseable" o "mejor práctica",[18] ello no cambiaría el resultado de nues-

---

[16] La Regla 66 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, dispone que

"[s]i la moción [de desestimación] se basare en defectos de la acusación, denuncia o pliego de especificaciones que pudiesen subsanarse mediante enmienda, el tribunal ordenará se haga la enmienda, y denegará la moción. Si el tribunal declarare con lugar una moción basada en defectos en la presentación o tramitación del proceso, o en la acusación o denuncia, *podrá también ordenar que se mantenga al acusado bajo custodia, o que continúe bajo fianza por un término específico, sujeto a la presentación de una nueva acusación o denuncia.*" (Énfasis suplido.)

[17] Primeramente, la controversia medular de ese caso era fundamentalmente distinta a la de autos. Segundo, en ese caso la primera desestimación aún no había advenido final y firme. Tercero, distinto al caso que hoy nos ocupa, el imputado no había solicitado la cancelación de la fianza.

[18] A pesar de que como regla general, el invocar la Regla 66 de Procedimiento Criminal, *supra*, sea la mejor práctica, esto no revoca el lenguaje claro de la regla, que se refiere en términos potestativos, no mandatorios, a la facultad del juez para así obrar. Establecer una norma rígida que requiera que en *todo* caso el juez imponga un término máximo para presentar nuevamente los cargos desestimados, so pena de desestimación con perjuicio, sería obviar la realidad de que *cada caso tiene sus propias circunstancias.* Además, soslayaría el principio de que el derecho a juicio rápido es relativo, que busca salvaguardar tanto la libertad individual del acusado como el orden público. Véanse: *Pueblo v. González Rivera*, 132 D.P.R. 517 (1993); *Pueblo v. Reyes Herrans*, 105 D.P.R. 658 (1977).

tra decisión. Como estableciéramos en *Pueblo v. Ortiz Díaz*, 95 D.P.R. 244, 248 (1967),

> [e]sta Regla 66, a la luz de la 67 que permite la iniciación de otro proceso por el mismo delito cuando éste es grave, rechaza cualquier ataque bajo la Regla 64(n) a la acusación nuevamente radicada en este caso. (Énfasis suplido.)

## IV

Conforme a lo reseñado, resolvemos que la Regla 67 de Procedimiento Criminal, *supra*, le permite al Ministerio Público presentar nuevos cargos por los mismos hechos, constitutivos de delito grave, imputados al peticionario en un proceso anterior, pero desestimados por violación a los términos de rápido enjuiciamiento. Igualmente, que durante el período transcurrido entre la desestimación y la nueva presentación de cargos, éste no estuvo expuesto a convicción por delito alguno, por lo que no se encontraba "sujeto a responder". En consecuencia, al peticionario no le asistía el derecho constitucional a juicio rápido durante el referido período.[19] No obstante, al presentar los nuevos cargos, el Ministerio Público debió regirse por las limitaciones que le imponen el término prescriptivo y el debido proceso de ley.

Si resolviéramos de otro modo, estaríamos subvirtiendo todo el régimen jurisprudencial sobre el que se desarrolla el derecho a juicio rápido. Esto es, estaríamos abriendo la puerta para establecer que en ciertas ocasiones el derecho aplica aunque el acusado no esté, propiamente, "sujeto a responder". Cualquier cambio o enmienda sobre este particular le corresponde a la Rama Legislativa.

*Se confirma la Resolución del TCA y se devuelve el caso a instancia para que continúe los procesos de manera compatible con esta opinión.*

---

[19] Por no asistirle al peticionario el derecho a juicio rápido en esta etapa de los procedimientos, resulta innecesario discutir el segundo error planteado por éste.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri concurrió con el resultado sin opinión escrita. El Juez Asociado Señor Hernández Denton disintió con opinión escrita.