Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>Vs.<br><br>JAGADI RODRÍGUEZ CANALES<br><br>Peticionario | KLCE202500147 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.<br>F LE2022G0099<br>F LA2022G0066<br><br>Sala: 201<br><br>Sobre:<br>ART. 3.1 LEY 54 Y ART. 6.14 LEY 168 |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de marzo de 2025.

Comparece el señor Jagadi Rodríguez Canales (en adelante, señor Rodríguez Canales o peticionario), mediante un recurso de *Certiorari*, para solicitarnos la revocación de las *Órdenes* emitidas y notificadas el 20 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI). Mediante las *Órdenes* recurridas, el foro de primera instancia determinó que el proceso para la devolución de la licencia de armas en el presente caso debía ser presentado ante la Policía de Puerto Rico. Ordenó, además, la supresión de la información de las convicciones del peticionario de la pantalla de Consulta de Casos del Portal del Poder Judicial.

Luego de evaluar el escrito presentado, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida, el Ministerio Público, y procedemos a resolver. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se expide el auto de *Certiorari* y se confirman las *Órdenes* recurridas.

### -I-

El 13 de abril de 2022 el Ministerio Público presentó dos (2) denuncias contra el señor Rodríguez Canales. El primero, por presunta infracción al artículo 6.14 de la Ley Núm. 168 de 2019, según enmendada, Ley de Armas de Puerto Rico de 2020, 25 LPRA sec. 466m, (en adelante, Ley Núm. 168-2019). El segundo, por presunta infracción al artículo 3.1 de la Ley Núm. 54 de 1989, según enmendada, Ley para la Prevención e Intervención con la Violencia Doméstica, 8 LPRA sec. 631, (en adelante, Ley Núm. 54-1989). Además, se expidió una Orden de Protección Ex Parte al amparo de la antedicha Ley Núm. 54-1989.

Durante la vista preliminar (VP) celebrada el 19 de mayo de 2022, el TPI determinó que existía causa probable para acusar por infracción a los artículos 3.1 de la Ley Núm. 54-1989 y 6.14 (a) de la Ley Núm. 168-2019. Así las cosas, el Ministerio Público presentó las correspondientes acusaciones el 31 de mayo de 2022.

Tras varios incidentes procesales, el juicio en su fondo quedó pautado para ser celebrado el 22 y 23 de mayo de 2023. Sin embargo, el 2 de mayo de 2023, el peticionario presentó *Moción Solicitando Desestimación al Amparo De La Regla 64(P) De Las De Procedimiento Criminal*. El señor Rodríguez Canales solicitó que se desestimara el caso FLE2022G0099 por infracción al artículo 3.1 de la Ley Núm. 54-1989. En vista de ello, mediante *Resolución* emitida el 9 de junio de 2023, y notificada el 14 de junio de 2023, el TPI declaró *Ha Lugar* la Moción de Desestimación presentada por el peticionario. El TPI resolvió que al evaluar tanto la denuncia como la acusación, las mismas no eran suficientes en Derecho y no reflejaban todos los elementos esenciales del delito imputado.

Concluyó que no se determinó causa probable con arreglo a la ley y a derecho, según lo exige la Regla 64 (P) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64 (P).

Así las cosas, el juicio para el caso FLA2022G0066 por infracción al artículo 6.14 (a) de la Ley Núm. 168-2019 quedó pautado para ser celebrado el 18 de septiembre de 2023.

Llegada la fecha prevista para el inicio del juicio, el TPI tuvo que desestimar la acusación por infracción al artículo 6.14 de la Ley Núm. 168-2019 que pesaba contra el peticionario, por haberse violentado los términos dispuestos en la Regla 64(N)(4) de las de Procedimiento Criminal. 34 LPRA Ap. II, R. 64 (N) (4).

Como resultado, el 8 de diciembre de 2023, el señor Rodríguez Canales compareció por derecho propio e instó dos mociones ante el foro primario. La primera, intitulada *Moción al Amparo del Artículo 4 de la Ley 45 del 1 de junio del 1983 Ley Para Facultar La Toma De Huellas Digitales Y Fotografías De Toda Persona A La Que Se Le Impute Delito Grave* (Moción Solicitando Devolución de Fotos y Huellas), el peticionario solicitó al TPI que le ordenara a la Policía de Puerto Rico a que entregara o borrara del sistema las fotografías y las huellas dactilares que se tomaron como producto del proceso criminal iniciado en su contra. La segunda, intitulada *Moción Al Amparo Del Artículo 2.08 De La Ley 168 Del 2019 Ley De Armas De Puerto Rico* (Moción Solicitando Devolución de Licencia de Armas), el peticionario solicitó al foro primario la devolución de su licencia de armas al amparo del artículo 2.08 de La Ley 168-2019, 25 LPRA sec. 462g.

En respuesta, el 20 de diciembre de 2023, el TPI emitió *Orden* accediendo a la solicitud del peticionario, al tenor de lo cual, ordenó al Superintendente de la Policía o a su representante autorizado a devolverle al señor Rodríguez Canales los récords de huellas digitales y fotografías que tuvieran en su poder que se

tomaron como producto del proceso criminal iniciado en su contra. Sin embargo, respecto a la Moción Solicitando Devolución de Licencia de Armas, el TPI notificó al peticionario que no tenía nada que proveer pues este debía realizar el proceso administrativo para la devolución de su licencia de armas.

Posteriormente, el 2 de diciembre de 2024, el peticionario acudió nuevamente ante el TPI por derecho propio e instó dos mociones. En la primera, el señor Rodríguez Canales solicitó al Tribunal de Primera Instancia que removiera el caso FLA2022G0066 por infracción al artículo 6.14 de la Ley Núm. 168-2019 del sistema de la aplicación de la Rama Judicial de Puerto Rico. En la segunda, el señor Rodríguez Canales le solicitó al TPI que se removiera el caso FLE2022G0099 por infracción al artículo 3.1 de la Ley Núm. 54-1989 del sistema de la aplicación de Tribunales y que ordenara a la Policía de Puerto Rico devolverle la licencia de armas según el artículo 2.08 de la Ley Núm. 168-2019.

En respuesta, el 20 de diciembre de 2024, en relación con el caso FLA2022G0066 por infracción al artículo 6.14 de la Ley Núm. 168-2019, el Tribunal de Primera Instancia emitió una orden la cual no fue notificada al señor Rodríguez Canales en la que dispuso lo siguiente:

> De conformidad con lo dispuesto en el Memorando Núm. 49 de 1 de octubre de 2014, se ordena a la Directoría de Informática de la Oficina de Administración de los Tribunales la supresión de la información de las convicciones del promovente de epígrafe de la pantalla de Consulta de Casos del Portal del Poder Judicial.

Posteriormente, el 2 de enero de 2025, el TPI emitió dos órdenes adicionales. Ambas fueron dirigidas al señor Rodríguez Canales. En una establecía *Ha Lugar* sin precisar mayor detalle sobre su alcance o implicaciones mediante "notificación enmendada". La otra orden solo menciona: "Se aneja copia o

incluye enlace", pero del examen de los autos no consta adjunto documento alguno.

Por otro lado, respecto al caso FLE2022G0099 por infracción al artículo 3.1 de la Ley Núm. 54-1989, el 2 de enero de 2025 el TPI notificó la concesión de un término de 20 días al Superintendente de la Policía de Puerto Rico para exponer su postura en cuanto a la devolución de la licencia de armas.

El 22 de enero de 2025, tras haber transcurrido los 20 días concedidos al Superintendente de la Policía para expresarse sobre el asunto, el peticionario compareció nuevamente ante el Tribunal de Primera Instancia y solicitó que se ordenara la devolución de su licencia de armas. Ante la ausencia de respuesta, el 3 de febrero de 2025, el señor Rodríguez Canales presentó una *Moción de Reconsideración* en la que reiteró su solicitud y sostuvo que el tribunal debía ordenar la devolución de su licencia de armas.

Sin embargo, mediante notificación el 7 de febrero de 2025 el foro recurrido le notificó al peticionario que, respecto a la Moción de Reconsideración, ya se había emitido una orden el 20 de diciembre de 2024. Además, le indicó que debía presentar su solicitud relacionada con el arma de fuego ante la Policía de Puerto Rico.

Inconforme, el peticionario acude ante nosotros, mediante recurso de *certiorari*, solicitando la revocación de las *Órdenes* emitidas el 20 de diciembre de 2024 y notificadas el 2 de enero de 2025, señalando los siguientes errores:

> Err[ó] el Tribunal de Primera Instancia de Carolina al indicar bajo una orden notificada el 20 de diciembre de 2024 que tenía que pedir la licencia de armas a la Policía de Puerto Rico cuando el caso lo concluye el Tribunal, mismo que ordena la suspensión de la licencia de armas.
>
> Err[ó] el Tribunal de Primera Instancia de Carolina cuando le da 20 días para que la Policía de Puerto Rico se expresara ante la moción que se radico solicitando la devolución del arma.

Err[ó] el tribunal de Primera Instancia a no expresarse sobre la solicitud de borrar del sistema de Tribunales los casos, habiendo declarado Ha Lugar al caso de armas.

Examinado el recurso en su totalidad, procedemos a establecer el derecho aplicable y resolver.

*-II-*

*-A-*

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. *Torres González v. Zaragoza Meléndez, supra,* pág. 847; *Medina Nazario v. McNeil Healthcare LLC, supra*, pág. 729; *García v. Padró, supra*, pág. 334.

La Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez, supra.*

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos

esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### -B-

La Segunda Enmienda de la Constitución de los Estados Unidos dispone, en lo pertinente, que "no se coartará el derecho del pueblo a tener y portar armas". Emda. II, Const. EE. UU., LPRA,

Tomo 1. Al interpretar esa disposición, el Tribunal Supremo de los Estados Unidos ha expresado que ese derecho no es ilimitado. Es decir, no hay un derecho a poseer y portar cualquier arma de cualquier manera y para cualquier propósito. Véase, McDonald v. City of Chicago, Ill., 561 US 742, 786 (2010); District of Columbia v. Heller, 554 US 570, 626 (2008). De esa forma, quedó claro que el Estado está facultado para regular la posesión, portación y venta de las armas de fuego.

Acorde con lo anterior, el Estado, mediante ese poder inherente de reglamentación, y con el fin de promover una mayor seguridad y un mejor bienestar público para el pueblo de Puerto Rico, aprobó la Ley de Armas de Puerto Rico, Ley Núm. 168-2019, según enmendada, 25 LPRA sec. 461 et seq. En ese sentido, esa Ley facultó a la Policía y, por ende, a su Superintendente, como el ente administrativo especializado para regular lo concerniente a las armas y le otorgó el poder de reglamentar la concesión de éstas.

En lo pertinente, el artículo 2.08 de la Ley de Armas, *supra*, dispone lo siguiente:

> Luego de una determinación de causa probable para el arresto de cualquier persona que posea una licencia de armas por la comisión de uno o más delitos graves o sus tentativas, el tribunal, ordenará la suspensión provisional e incautación de la licencia hasta una determinación final y firme en el proceso criminal. El Tribunal ordenará la ocupación inmediata de todas las armas de fuego y /o municiones de la persona con licencia de armas, las cuales se consignarán en el depósito de armas y municiones del Negociado de la Policía de Puerto Rico. El Negociado de la Policía de Puerto Rico tendrá setenta y dos (72) horas para consignar para la custodia todas las armas de fuego y/o municiones de la persona con licencia de armas en el Depósito de Armas y Municiones del Negociado de la Policía. **De resultar el acusado con una determinación de no culpabilidad, o no causa, según corresponda, en cualquier etapa del proceso criminal y el ministerio público ha agotado todos los remedios reconocidos en las Reglas de Procedimiento Criminal, salvo que exista una orden de protección en su contra por violencia de género, acecho o maltrato en cualquiera de sus vertientes, el juez vendrá obligado ministerialmente por esta Ley a ordenar la inmediata devolución de la licencia de armas y de todas las armas de fuego y municiones.** 25 LPRA sec. 462g. Énfasis nuestro.

Este estatuto se refiere a casos de naturaleza criminal y ordena la devolución inmediata de la licencia y armas, siempre que el proceso criminal contra el acusado culmine con una determinación de no causa o no culpabilidad, final y firme. Es decir, para que el Tribunal de Primera Instancia advenga obligado a devolverle el arma ocupada y la licencia suspendida, la persona tiene que haber sido absuelta del proceso criminal que enfrentó y por el cual se le ocupó el arma y suspendió la licencia de armas.

Sin embargo, a diferencia de una determinación final y firme de no culpabilidad, la desestimación de cargos por incumplimiento de los términos de juicio rápido no impide, de ordinario, que el Ministerio Público inste un nuevo procedimiento penal por el mismo delito que dio origen al encausamiento inicial. *Pueblo v. Morales Roldán*, 213 DPR 1112, 1129 (2024). Esto es así debido a que una desestimación por haber incumplido con los términos de juicio rápido no equivale a una determinación de no culpabilidad final y firme. *Pueblo v. Carrión*, 159 DPR 633, 646 (2003). En ese sentido, si los cargos desestimados corresponden a un delito grave, la Regla 67 de Procedimiento Criminal, 34 LPRA Ap. II, R. 67, permite la radicación de un nuevo proceso por los mismos hechos. Véase *Pueblo v. Pérez Pou*, 175 DPR 218, 641 (2009).

Es menester destacar que en *Pueblo v. Morales Roldán*, 213 DPR 1112, 1130 (2024), el Tribunal Supremo expresó que, cuando se ocupa una licencia de armas y un arma de fuego por virtud de la facultad establecida en el artículo 2.07 de la derogada Ley de Armas Núm. 404-2000, y el proceso criminal no culmina con una determinación absolutoria final y firme, cualquier solicitud de devolución de estos bienes deberá ser referida a la Policía de Puerto Rico. Aunque la normativa aplicable en dicho caso se basó en la Ley de Armas derogada, el contenido de la disposición ha sido recogido

en el artículo 2.08 de la vigente Ley de Armas Núm. 168-2019, por lo que su interpretación resulta pertinente en el caso de autos.

Ahora bien, el referido artículo 2.08 de la vigente Ley de Armas Núm. 168-2019, dispone e incluye la determinación de "no causa". Esto es importante ya que, en *Pueblo v. Rivera Vázquez*, 177 DPR 868 (2010), el Tribunal Supremo atendió una controversia sobre cuál es el efecto de una desestimación al amparo de la Regla 64(P) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64. En dicho caso, nuestro alto foro estableció que cuando un juez desestima una acusación por una ausencia total de prueba en la vista preliminar, en efecto está resolviendo que en dicha audiencia se debió emitir una determinación de "**no causa**" probable para acusar. *Pueblo v. Rivera Vázquez*, 177 DPR 868, 884 (2010). Énfasis nuestro.

Por su parte, el artículo 2.09 de la Ley Núm. 168-2019 le concede a la Oficina de Licencia de Armas de la Policía de Puerto Rico la facultad para rehusarse a expedir, o de haber expedido revocar, una licencia de armas a toda persona que:

> [H]aya sido convicta, en Puerto Rico, en cualquier otra jurisdicción estadounidense de cualquier delito grave o su tentativa, por delito menos grave que conlleve violencia, por conducta constitutiva de violencia doméstica, según tipificada en la Ley Núm. 54 de 15 de agosto de 1989, según enmendada[.] ... **Tampoco se expedirá licencia alguna** a una persona declarada incapaz mental, ebrio habitual o adicto al uso de sustancias controladas por un tribunal con jurisdicción ni a persona alguna que haya sido separada bajo condiciones deshonrosas de las Fuerzas Armadas de Estados Unidos, **ni a ninguna persona que haya sido convicta por alguna violación a las disposiciones de esta Ley o de las anteriores Leyes de Armas**; o se revocará la licencia expedida si la persona adviniera cualquiera de estas circunstancias. 25 LPRA sec. 462h. Énfasis nuestro.

Como último punto, debemos destacar que el artículo 7.06 de la Ley Núm. 168-2019 establece que:

> Salvo que otra cosa se disponga expresamente, todas las determinaciones que tengan que realizarse en virtud de esta Ley se regirán por las disposiciones de vistas informales, adjudicaciones y reconsideraciones establecidas en la Ley 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico". 25 LPRA sec. 467e.

**-C-**

La Carta Circular Núm. 2 del 29 de agosto de 2024 emitido por la Oficina de Administración de Tribunales (OAT) regula lo relacionado a los *Procesos para restringir la publicidad de casos en el portal del poder judicial y guías para la notificación y el manejo de las determinaciones judiciales a la Directoría de Informática*. Allí, se dispone que:

> [D]esde la implementación de los sistemas de consulta en línea, los tribunales y la Oficina de Administración de los Tribunales (OAT) han recibido solicitudes de personas interesadas en que se restrinja en estos sistemas la publicidad de la información relacionada con acciones judiciales en las que estuvieron involucradas. Para uniformar el proceso en la atención de dichas solicitudes conforme a la normativa vigente, incluyendo lo dispuesto en las Reglas de Procedimiento Criminal y otras leyes penales especiales, la OAT emitió el Memorando Núm. 49 de 1 de octubre de 2014, Año Fiscal 2014-2015, Supresión de Información en la Pantalla de Consulta de Casos del Portal de la Rama Judicial (Memorando Núm. 49).

> Tras casi una década de emitido dicho Memorando, evaluada la experiencia acumulada en el trámite administrativo de las referidas solicitudes, y consciente de la necesidad de formular nuevas directrices atemperadas a los cambios en el marco legal, procedemos a emitir esta Circular. De esta manera se procura cumplir con el delicado balance de garantizar a la ciudadanía el acceso a la información pública completa, actualizada y correcta, así como con el objetivo jurídico y socioeconómico que persigue la legislación que regula los procedimientos para eliminar delitos de los certificados de antecedentes penales y los procesos de desvíos, entre otros.

> A esos fines, se establece el siguiente proceso para atender las solicitudes de las personas interesadas en que se restrinja la publicidad de información de los sistemas de consulta en línea del portal del Poder Judicial.

Por consiguiente, la Carta enumera tres (3) instancias en las cuales se permite la supresión de información en el Portal del Poder Judicial, a saber: (1) Solicitudes invocadas al amparo de la Ley Núm. 254 de 27 de julio de 1974, conocida como *Ley de Certificados de Antecedentes Penales*; (2) Procedimientos de desvío regulados por la Regla 247.1 de Procedimiento Criminal, así como en otras leyes especiales en el ámbito criminal; otros procedimientos declarados confidenciales por ley; y (3) Otras situaciones en las que se debe

presentar una solicitud fundamentada ante la consideración del tribunal.

Por último, la Carta establece el proceso a seguir cuando un tribunal declara Ha *Lugar* una solicitud para eliminar la información del Portal. En lo pertinente, dispone que de emitirse una determinación judicial que ordene restringir la publicidad de determinada información en los sistemas de consulta en línea del Poder Judicial, esta se notificará a la Directoría de Informática de la OAT para que limite la publicidad de dicha información. Es importante enfatizar que las Secretarías notificarán las determinaciones judiciales emitidas para los fines establecidos en la Carta al siguiente correo electrónico: notificacionessupresionconsulta@poderjudicial.pr.

### -*III*-

Nos corresponde determinar si procede o no expedir el auto de *certiorari* incoado por el señor Rodríguez Canales. El peticionario recurre ante este Tribunal tras la denegación de su solicitud de reconsideración. Mediante sus tres (3) señalamientos de error, alega que el Tribunal de Primera Instancia erró al: (i) ordenar que debía solicitar la devolución de su licencia de armas a la Policía de Puerto Rico, a pesar de que el caso concluyó en el tribunal; (ii) conceder un término de veinte (20) días para que la policía de Puerto Rico se expresara sobre la Moción Solicitando Devolución de Licencia de Armas; y (iii) no expresarse sobre su solicitud de eliminar el caso del sistema de Tribunales, a pesar de haber declarado *Ha Lugar* en el caso de armas. No le asiste la razón. Veamos.

Como es sabido, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Cruz Flores et al.*

*v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022). Puntualizamos que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Cónsono con lo anterior, tras evaluar minuciosamente el recurso presentado por los peticionarios, y luego de una revisión de la totalidad del expediente ante nos y del expediente del Tribunal de Primera Instancia, es nuestra apreciación que, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, en este caso existen fundamentos jurídicos que nos mueven a ejercer nuestra facultad discrecional por lo que disponemos expedir el auto de *certiorari.*

Así las cosas, luego de examinar los errores alzados por el peticionario y tras considerar que los primeros dos guardan estrecha relación entre sí, procederemos a discutirlos de forma conjunta.

En este caso, al señor Rodríguez Canales se le ocupó una licencia de armas luego de que el foro primario determinara causa probable para ordenar su arresto y expidiera una Orden de Protección Ex Parte al amparo de la Ley Núm. 54-1989, supra y la Ley Núm. 168-2019, supra. No obstante, llegado el momento de celebrar el juicio en su fondo, el Tribunal de Primera Instancia desestimó las acusaciones, por haberse incumplido los términos de juicio rápido y por entender que tanto la denuncia como la acusación, no eran suficientes en derecho y no reflejaban todos los elementos esenciales del delito imputado.

Ante este cuadro procesal, el señor Rodríguez Canales solicitó al foro primario que ordenara a la Policía de Puerto Rico a devolverle

la licencia que le fue ocupada, de conformidad a lo dispuesto en el artículo 2.08 de la Ley Núm. 168-2019, 25 LPRA sec. 462g. Sin embargo, el Tribunal de Primera Instancia denegó acoger su postura, por entender que esa decisión la tomaría la Policía al amparo de la facultad administrativa que le otorga nuestro ordenamiento.

Al examinar el derecho aplicable, observamos que el artículo 2.08 de la Ley Núm. 168-2019, impone una suspensión provisional de la licencia de armas luego de una determinación de causa probable para el arresto de cualquier persona que posea una licencia de armas por la comisión de uno o más delitos graves hasta tanto recaiga una determinación final y firme en el proceso criminal. 25 LPRA sec. 462g. En ese aspecto, el referido artículo dispone que, de resultar la acción penal con una determinación de no culpabilidad o no causa, según corresponda, en cualquier etapa del proceso criminal y el Ministerio Público ha agotado todos los remedios reconocidos en las Reglas de Procedimiento Criminal, el juez vendrá obligado ministerialmente por Ley a ordenar la inmediata devolución de la licencia de armas. *Íd.*

Es importante destacar que el caso de autos terminó con un resultado distinto al contemplado en el referido artículo 2.08 de la Ley Núm. 168-2019. Nos explicamos.

En primer lugar, la acusación por presunta infracción al artículo 3.1 de la Ley Núm. 54-1989 se desestimó al el TPI concluir que no se determinó causa probable con arreglo a la Ley y a Derecho, según lo exige la Regla 64 (P) de Procedimiento Criminal. Como explicamos anteriormente cuando un juez desestima una acusación por una ausencia total de prueba en la vista preliminar, en efecto está resolviendo que en dicha audiencia se debió emitir una determinación de "no causa" probable para acusar. *Pueblo v. Rivera Vázquez*, 177 DPR 868, 884 (2010). Por lo tanto, conforme al artículo

2.08 de la Ley Núm. 168-2019, el juez vendría obligado por Ley a ordenar la devolución de la licencia de armas.

No obstante lo anterior, la acusación por presunta infracción al artículo 6.14 de la Ley Núm. 168-2019 se desestimó por haberse violentado los términos dispuestos en la Regla 64(N)(4) de las de Procedimiento Criminal. 34 LPRA Ap. II, R. 64. Debemos reiterar que una desestimación por haber incumplido con los términos de juicio rápido no equivale a una determinación de no culpabilidad final y firme. *Pueblo v. Carrión*, 159 DPR 633, 646 (2003). En ese sentido, si los cargos desestimados corresponden a un delito grave, la Regla 67 de Procedimiento Criminal, 34 LPRA Ap. II, R. 67, permite la radicación de un nuevo proceso por los mismos hechos. Véase *Pueblo v. Pérez Pou*, 175 DPR 218, 641 (2009). Además, el artículo 2.09 de la Ley Núm. 168-2019 le concede a la Oficina de Licencia de Armas de la Policía de Puerto Rico la facultad para rehusarse a expedir, o de haber expedido revocar, una licencia de armas a toda persona que haya sido convicta por alguna violación a las disposiciones de la vigente Ley de Armas Núm. 168-2019, o de las anteriores Leyes de Armas.

En este caso particular, nos encontramos ante una situación particular pues el artículo 2.08 de la Ley Núm. 168-2019 no dispone de un remedio o curso de acción a seguir para recuperar los bienes ocupados en circunstancias como las del caso de autos. La disposición legal no establece el procedimiento aplicable cuando, a raíz de la desestimación de un cargo, el tribunal podría ordenar la devolución de la licencia de armas, mientras que, respecto al otro cargo, la desestimación no constituye una determinación final y firme que justifique dicha devolución sin contar previamente con el insumo de la Policía de Puerto Rico. Ante esta disyuntiva, en las que no se contempló un proceso expreso a seguir para recuperar los bienes incautados, el mandato legislativo delega en el ente

administrativo la facultad de tomar cualquier decisión al respecto. Así lo ordena claramente el 7.06 de la Ley Núm. 168-2019, el cual establece que, a menos que otra cosa se disponga expresamente, todas las determinaciones que tengan que realizarse en virtud de esta Ley se regirán por las disposiciones de vistas informales, adjudicaciones y reconsideraciones establecidas en la Ley 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", 25 LPRA sec. 467e.

Así las cosas, concluimos que, cuando se ocupa una licencia de armas por virtud de la facultad que otorga el artículo 2.08 de la Ley Núm. 168-2019, la devolución de dicha licencia solo procede una vez recaiga una determinación final y firme en el proceso criminal. En este caso, el procedimiento penal no ha culminado con una determinación final y firme que ponga fin de manera definitiva a la acción penal en relación con todas las acusaciones. En consecuencia, la solicitud de devolución de la licencia de armas del señor Rodriguez Canales corresponde ser referida a la Policía de Puerto Rico. Entiéndase, los primeros dos errores esgrimidos por el peticionario no fueron cometidos pues el Tribunal de Primera Instancia actúo correctamente y en armonía con la jurisprudencia vigente.

Mediante el mencionado curso de acción se logra preservar un justo balance de los intereses envueltos. *Pueblo v. Morales Roldán*, 213 DPR 1112, 1130 (2024). Después de todo, debemos recordar que, si bien el derecho a poseer y portar un arma de fuego está revestido de la más alta garantía legal provista en nuestro ordenamiento jurídico, este no es absoluto. Véase, *McDonald v. City of Chicago*, Ill., 561 US 742, 786 (2010); *District of Columbia v. Heller*, 554 US 570, 626 (2008). Por lo cual, ante situaciones de peligro a la vida o la propiedad de cualquier persona, la Policía de Puerto Rico,

como ente encargado de la seguridad y prevención de la violencia, utilizando la pericia y autoridad que dispone para regular estos asuntos, evaluará si el recurrido satisface los criterios estatutarios para poseer un arma de fuego en nuestra jurisdicción. De esta forma, la agencia administrativa empleará su conocimiento y determinará si los factores que dieron base a la remoción de la licencia de armas del señor Rodríguez Canales aún están presentes. Así se toman las medidas preventivas necesarias para intentar evitar la ocurrencia de cualquier incidente lamentable.

Por último, el peticionario alega que erró el TPI al no expresarse sobre su solicitud de eliminar el caso del sistema de Tribunales, a pesar de haber declarado *Ha Lugar* en el caso de armas. No le asiste la razón. Veamos.

El 2 de diciembre de 2024, el peticionario acudió ante el TPI por derecho propio e instó dos mociones. En la primera, el señor Rodríguez Canales solicitó al Tribunal de Primera Instancia que removiera el caso FLA2022G0066 por infracción al artículo 6.14 de la Ley Núm. 168-2019 del sistema de la aplicación del Poder Judicial de Puerto Rico. En la segunda, el señor Rodríguez Canales le solicitó al TPI que se removiera el caso FLE2022G0099 por infracción al artículo 3.1 de la Ley Núm. 54-1989 del sistema de la aplicación de Tribunales. En respuesta, mediante Orden emitida el 20 de diciembre de 2024, el TPI ordenó a la Directoría de Informática de la Oficina de Administración de los Tribunales la supresión de la información de las convicciones del peticionario de la pantalla de Consulta de Casos del Portal del Poder Judicial. Sin embargo, de los autos se desprende que esta orden no fue notificada al peticionario, toda vez que su nombre no figura entre las partes a quienes se les envió notificación. No obstante, la falta de notificación al peticionario no implica que se haya incurrido en un error procesal pues la validez

de la orden no depende de su notificación individual, si no de su conformidad con el marco normativo aplicable.

Como explicamos anteriormente, la Carta Circular Núm. 2 del 29 de agosto de 2024 emitido por la OAT regula lo relacionado a los *Procesos para restringir la publicidad de casos en el portal del poder judicial y guías para la notificación y el manejo de las determinaciones judiciales a la Directoría de Informática.* En ella se estableció que de emitirse una determinación judicial que ordene restringir la publicidad de determinada información en los sistemas de consulta en línea del Poder Judicial, esta deberá ser notificada a la Directoría de Informática de la OAT a través del correo notificacionessupresionconsulta@poderjudicial.pr para que restrinja la publicidad de dicha información.

En el caso de autos, el TPI ordenó a la Directoría de Informática de la OAT la supresión de la información de las convicciones del señor Rodríguez Canales de la pantalla de Consulta de Casos del Portal del Poder Judicial. La antedicha determinación le fue notificada a la Directoría de Informática de la OAT a través del correo dispuesto en la Carta Circular Núm. 2, notificacionessupresionconsulta@poderjudicial.pr.

A la luz de lo expuesto, no adviene error en la actuación del Tribunal de Primera Instancia pues su determinación y notificación se ajustó plenamente al marco normativo aplicable.[1] La Carta Circular Núm. 2 del 29 de agosto de 2024 establece con claridad el procedimiento para restringir la publicidad de información en el portal del Poder Judicial, delegando dicha responsabilidad en la Directoría de Informática de la Oficina de Administración de

---

[1] Cabe señalar que el Tribunal de Primera Instancia fundamentó la *Orden* emitida el 20 de diciembre de 2024 en el memorando Núm. 49 de 1 de octubre de 2014. Debemos puntualizar que la Carta Circular Núm. 2 entró en vigor el 29 de agosto de 2024 y dejó sin efecto el referido Memorando Núm. 49. Sin embargo, aun cuando fundamentó su decisión en norma que ha sido derogada, la actuación del TPI en el caso de autos se ajustó plenamente al marco normativo vigente.

Tribunales. En consecuencia, la referida Orden emitida por el foro primario fue conforme a Derecho.[2]

En suma, colegimos que el foro primario no erró al disponer que el peticionario debía gestionar la devolución de su licencia de armas ante la Policía de Puerto Rico y conceder un término de veinte (20) días para que el Superintendente de la Policía expresara su posición al respecto. Por otro lado, resulta forzoso concluir que la determinación sobre la supresión de la información relativa a las convicciones del peticionario y su notificación a la Directoría de Informática de la OAT se ajustó plenamente al marco normativo vigente. Por lo que concluimos que el Tribunal de Primera Instancia no cometió ninguno de los tres errores esgrimidos por el señor Rodríguez Canales.

### -IV-

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, se expide el auto de *Certiorari* y se confirman las *Órdenes* recurridas.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] La decisión adoptada por el Tribunal de Primera Instancia (TPI), que aún no ha sido notificada al Peticionario, responde a una de las razones por las cuales este recurrió ante nosotros. La confusión surge porque el foro correspondiente no ha llevado a cabo la notificación de la Orden. Dado que dicha notificación no ha sido realizada, el Peticionario tiene la opción de solicitarla o, alternativamente, el TPI podría emitir *motu proprio* una notificación corregida de la Orden para poner en marcha el remedio que en efecto le fue concedido al señor Rodríguez Canales.