Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOSÉ ROLANDO VARGAS FIGUEROA<br><br>Peticionario | TA2025CE00519 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Arecibo<br><br>Crim. núm.: C1TR 2025-0152<br><br>Por: Art. 7.02, Ley 22 |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de septiembre de 2025

El Tribunal de Primera Instancia ("TPI") denegó una solicitud de desestimación, por supuesta violación a los términos de juicio rápido, de una denuncia penal por conducir en estado de embriaguez. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos intervenir con la decisión recurrida, pues la demora fue atribuible a razones institucionales (suspensión de un señalamiento por la celebración de la Conferencia del Ministerio Público, seguido de otra suspensión porque una citación no se diligenció oportunamente) y no se alegó perjuicio específico alguno a la capacidad del imputado para defenderse adecuadamente.

I.

Contra el Sr. José Rolando Vargas Figueroa (el "Imputado") se encontró causa probable para arresto el 6 de marzo de 2025 por conducir un vehículo de motor "bajo los efectos de bebidas embriagantes". El juicio quedó señalado para el 2 de mayo.

Según expone la defensa, el 2 de mayo, el Imputado compareció junto con su representante legal pero, ese día, la sala del tribunal estaba cerrada porque se celebraba la conferencia anual del Ministerio Público. No obstante, en el pasillo del tribunal, el agente que compareció como testigo le informó al Imputado que el juicio había quedado señalado para el 16 de mayo.

El 16 de mayo, ni el Imputado ni su abogado comparecieron. El TPI reseñaló el juicio para el 1 de agosto y ordenó que se citara al Imputado para dicha fecha.

El 1 de agosto, el Imputado compareció y solicitó al TPI que se desestimara la denuncia en su contra por violación a los términos de juicio rápido.

El TPI denegó esta solicitud, lo cual se formalizó mediante una Resolución notificada el 27 de agosto (el "Dictamen"). El TPI expuso que el Imputado "solo se limitó a alegar la mera violación, sin más, del término … lo cual resulta insuficiente para conceder su solicitud." También razonó que la demora no fue "intencional u opresiva", sino una de carácter "institucional[]", la cual se trata con "menos rigurosidad", pues no tiene "el propósito de perjudicar" al Imputado. Más aún, observó que el Imputado "reconoció haber comparecido al señalamiento del 2 de mayo … donde el Agte. Abner L. Camacho Sonera informó haberle indicado la fecha del nuevo señalamiento". Finalmente, el TPI subrayó que el Imputado no demostró perjuicio alguno por la demora, pues el mismo tiene que ser "específico, no abstracto", por lo que el Imputado no podía descansar en "generalidades".

Inconforme, el 26 de septiembre, el Imputado presentó el recurso que nos ocupa. Resaltó que no fue citado apropiadamente para la vista del 16 de mayo, pues no fue suficiente lo que el agente le comunicó oralmente "de boca en el pasillo del tribunal". Expuso que no existía justificación para que no lo hubiesen citado por

escrito, pues en el expediente constaba su dirección completa. Arguyó que, al no haberse celebrado el juicio "dentro del término … por culpa del tribunal", procedía desestimar la denuncia en su contra. Planteó que "la mera radicación de un caso criminal trae consigo … daños y perjuicios inherentes". Disponemos.

## II.

El derecho a juicio rápido, protegido por la Sexta Enmienda de la Constitución Federal y por el Artículo II, Sección 11 de la Constitución del E.L.A., "se activa desde el momento en que el imputado está sujeto a responder (*held to answer*)". *Pueblo v. Carrión*, 159 DPR 633, 640 (2003). En el ámbito estatutario, el derecho a juicio rápido está reglamentado por la Regla 64(n) de las de Procedimiento Criminal, 34 LPRA Ap. II, R. 64(n). Esta regla dispone que no hay violación al derecho a juicio rápido si existe justa causa para la demora o si la misma ha sido consentida por la defensa o solicitada por el propio imputado.

El "derecho a juicio rápido requiere que el tribunal tome en consideración las circunstancias específicas que rodean el reclamo del acusado; es compatible el derecho a juicio rápido con cierta demora del procedimiento criminal". *Pueblo v. Custodio*, 192 DPR 567, 568 (2015).

Se han establecido cuatro criterios para guiar la discreción de un tribunal al analizar una posible violación al derecho a un juicio rápido: (1) duración de la tardanza, (2) razones para la dilación, (3) si el acusado ha invocado oportunamente su derecho, y (4) el perjuicio resultante de la tardanza para el acusado. *Custodio*, 192 DPR a la pág. 568.

En cuanto a la razón de la demora, resaltamos que debe evaluarse, en estos casos, si la tardanza fue intencional; es decir, si tuvo "el propósito de perjudicar a la persona imputada o acusada" o de "entorpecer la defensa del imputado". *Pueblo v. García Vega*, 186

DPR 592, 612 (2012); *Pueblo v. Valdés,* 155 DPR 781, 793 (2011). Si el tribunal determina que no se trata de una demora intencional, debe evaluarla con *menos rigurosidad. Pueblo v. Rivera Tirado*, 117 DPR 419, 435 (1986).

Al alegar una violación a los términos de juicio rápido, le corresponde al imputado probar el perjuicio que le ocasionó la tardanza. *García Vega,* 186 DPR a la pág. 612. Sobre el perjuicio sufrido, el mismo "**tiene que ser específico, no puede ser abstracto ni puede apelar a un simple cómputo de rigor matemático; tiene que ser real y sustancial**". *Pueblo v. Rivera Santiago*, 176 DPR 559, 576-77 (2009) (énfasis suplido); *Rivera Tirado*, 117 DPR a la pág. 438.

En fin, por la naturaleza variable y flexible del derecho a juicio rápido, la determinación de qué constituye justa causa bajo la Regla 64(n) de Procedimiento Criminal, *supra*, debe realizarse caso a caso y a la luz de la totalidad de las circunstancias. *Custodio*, 192 DPR a la pág. 568.

## III.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare* LLC, 194 DPR 723, 728 (2016); *IG Builders, et al v. BBVAPR*, 185 DPR 307, 337-338 (2012), *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Contrario al recurso de apelación, el tribunal revisor tiene discreción para decidir si expide o no el *certiorari.* Ahora, la discreción no es irrestricta y debe ejercerse de forma razonable, procurando siempre una solución justa. *Medina Nazario*, 194 DPR en la pág. 729; *IG Builders*, 185 DPR en la pág. 338; *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que se deben examinar al determinar si expedimos un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

IV.

En el ejercicio de nuestra discreción, declinamos intervenir con la decisión recurrida.

Las razones por las cuales se retrasó la celebración del juicio son de naturaleza institucional; es decir, no relacionadas con conducta alguna del Ministerio Público, ni relacionadas con intención alguna de perjudicar al Imputado. Se trata, en primer lugar, de una suspensión por razón de una actividad anual del Ministerio Público y, en segundo lugar, una demora por la ausencia de un diligenciamiento oportuno de la citación para la vista del 16 de mayo. Según expusimos arriba, y como el TPI correctamente advirtió, este tipo de demora se evalúa con menos rigurosidad.

En segundo lugar, y más importante aún, ni ante el TPI, ni ante este Tribunal, se ha alegado, ni mucho menos demostrado, que la defensa haya sufrido el perjuicio necesario para justificar la desestimación pretendida. En particular, no se ha demostrado que la demora le haya causado al Imputado un "estado de indefensión"

o que este haya sufrido algún perjuicio indebido a su capacidad para defenderse adecuadamente.

Adviértase que, según arriba reseñado, al alegar una violación a los términos de juicio rápido, le corresponde al imputado probar que sufrió un perjuicio específico, real y sustancial a raíz de la tardanza, sin que se pueda "apelar a un simple cómputo de rigor matemático". *Rivera Santiago, supra,* 176 DPR a las págs. 576-77.

V.

Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones